IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie Lee Tucker, #162436, | C. A. No. 2:08-3478-PMD-RSC |
| Petitioner, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| Colie L. Rushton, | |
| Respondent. | |

This habeas corpus petition under 28 U.S.C. § 2254 brought by a state prisoner proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge for a report and recommendation on the respondents' summary judgment motion. 28 U.S.C. § 636(b).

**PROCEDURAL HISTORY**

The petitioner, Willie Lee Tucker, is presently confined in the McCormick Correctional Institution of the South Carolina Department of Corrections (SCDC), as the result of his Richland County conviction and sentence for possession with intent to distribute crack cocaine, third offense. The Richland County Grand Jury indicted Petitioner at the April 2003 term of court for trafficking in crack cocaine, 10-28 grams, third offense (03-GS-40-1648). App. pp.86-87. Amye Leigh Rushing, Esquire, represented him on the charges.

On September 22, 2003, he pled guilty before the Honorable J. Ernest Kinard, Jr. to possession with intent to distribute

(PWID) crack cocaine, less than 10 grams, third offense. In exchange for his guilty plea to the incident occurring on February 26, 2003, the State agreed to *nolle prosse* a possession of marijuana charge as well as indictments for trafficking in crack cocaine and trafficking in powder cocaine from a June 2002 incident (02-GS-40-5336 & 5337) and a trafficking in powder cocaine indictment from the 2003 incident. (03-GS-40-1649). The State also agreed not to seek a sentence of life without parole. The State further agreed to *nolle prosse* indictments for trafficking in crack cocaine and trafficking in powder cocaine against his co-defendant, the mother of his children, stemming from the February 25, 2003, crimes. App. pp. 3-5; 19-20; 23. Judge Kinard sentenced the petitioner to twenty (20) years imprisonment and a $100,000.00 fine. App. pp. 1-25. Petitioner did not appeal his conviction or sentence.

Petitioner filed a pro se Post-Conviction Relief (PCR) Application (04-CP-40-3004) on June 22, 2004. He alleged the following grounds for relief in his Application:

> 1. Ineffective assistance of counsel because counsel filed to provide useful pre-trial preparation and investigation; and counsel did not advise Petitioner of his right to appeal; and
>
> 2. Involuntary guilty plea due to ineffective assistance of counsel.

App. pp. 27-35. The State filed its Return on March 25, 2005. App. pp. 36-41.

2

The Honorable L. Casey Manning held an evidentiary hearing into the matter on April 5, 2006, at the Richland County Courthouse. Petitioner was present at the hearing represented by Katherine H. Hudgins, Esquire. Assistant Attorney General Robert L. Brown represented the State. Petitioner testified on his own behalf, and he presented the testimony of plea counsel, Rushing. The State presented the prosecutor, Assistant Fifth Circuit Solicitor Theodore N. Lupton. App. pp. 42-77.

On May 2, 2006, Judge Manning filed an Order of Dismissal, in which he denied relief and dismissed the Application with prejudice. The Order of Dismissal addressed Petitioner's claims that trial counsel was ineffective because she rendered erroneous advice concerning the dismissal of charges against Petitioner's co-defendant, Jacqueline Reese, and that his reliance on this erroneous advice rendered his guilty plea involuntary. The court also found the Assistant Solicitor had agreed to dismiss only specific charges stemming from the incident at a hotel room which had occurred in 2002. App. pp.79-86.

Petitioner timely served and filed a notice of appeal. Deputy Chief Attorney Wanda H. Carter, of the South Carolina Commission on Indigent Defense's Division of Appellate Defense, represented him in collateral appellate proceedings. On February 26, 2007, Petitioner filed a Petition for Writ of Certiorari. The only Question Presented in the Petition for Writ of

Certiorari was stated as follows:

> Trial counsel erred in failing to move for the withdrawal of petitioner's plea or in the alternat[ive] to have the plea vacated because the state did not perform its part of the negotiated plea bargain in the case?

Petition for Writ of Certiorari at p. 2. The State filed a Return to Petition for Writ of Certiorari on June 27, 2007.

The South Carolina Court of Appeals filed an Order on May 20, 2008, in which it denied certiorari. It sent the Remittitur to the Richland County Clerk of Court on June 5, 2008.

The following exhibits have been made part of the file here:

> 1. Appendix, the Honorable L. Casey Manning, Circuit Court Judge;
>
> 2. Petition for Writ of Certiorari dated February 26, 2007;
>
> 3. Return to Petition for Writ of Certiorari dated June 27, 2007;
>
> 4. South Carolina Court of Appeals Order denying certiorari dated May 20, 2008;
>
> 5. Remittitur dated June 5, 2008;
>
> 6. Additional Records from Richland County Clerk of Court Records (i.e. indictments, sentencing sheets, etc.).

### HABEAS ALLEGATIONS

Petitioner raises the following allegations in his Petition for Writ of Habeas Corpus under 28 U.S.C. §2254:

> **GROUND ONE:** Ineffective assistance of trial counsel.
>
> SUPPORTING FACTS: Trial counsel erred in failing

4

to move for the withdrawal of defendant's plea, or in the alternate (sic) to have the plea vacated because the State did not perform its part of the negotiated plea bargain in the case.

**GROUND TWO:** Denial of equal protection.

SUPPORTING FACTS: Petitioner was denied equal protection and due process of law when State government breached the plea agreement and the evidence is supported by the records of the lower court and the State Supreme Court.

**GROUND THREE:** Denial of fundamental fairness and due process of law.

SUPPORTING FACTS: Petitioner was denied fundamental fairness and due process of law where petitioner was denied effective assistance of trial, appellate and post-conviction counsel.

The petitioner was provided a copy of the respondents' summary judgment motion on February 4, 2009, and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975). The petitioner responded to the motion on March 2, 2009. Hence it appears consideration of the summary judgment motion is appropriate.

## APPLICABLE LAW

### STATUTE OF LIMITATIONS

Giving the petitioner the benefit of the holding in <u>Houston v. Lack</u>, 487 U.S. 266 (1987), the present habeas corpus petition was filed on October 8, 2008, the date stamp from the prison mail room. Accordingly, the provisions of the Antiterrorism and

5

Effective Death Penalty Act ("AEDPA") apply to this case. <u>Lindh v. Murphy</u>, 117 S.Ct. 2059 (1997). The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period begins to run "the date on which the judgement became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The limitations period is tolled during the pendency of a properly filed collateral attack on the subject conviction. 28 U.S.C. § 2254(d)(2).

## **DISCUSSION**

A review of the record and relevant case law reveals that the petitioner is not entitled to relief. The respondents argued that the petition must be dismissed as untimely, and it appears that the respondents are correct.

Petitioner's conviction was finalized ten (10) days after September 22, 2003, the last date on which he could serve a notice of appeal to the South Carolina Supreme Court from his guilty plea. See Rule 203(b)(2), SCACR. Thus, his conviction became final on October 2, 2003, and he thereafter had one year within which to file a habeas corpus petition in this court. 28 U.S.C. § 2244(d)(1)(A)

Two hundred and sixty two (262) days after his conviction

6

became final, on June 22, 2004[1], Petitioner filed a PCR application, 04-CP-40-3004. This tolled the running of the one years statute of limitations until the proceedings in 04-CP-40-3004 concluded when the state court of appeals sent the Remittitur to the Richland County Clerk of Court on June 5, 2008. Thereafter he had one hundred three (103) days left to file his habeas petition. He did not do so. Instead he filed here on October 8, 2008, one hundred twenty four (124) days after the Remittitur to the Richland County Clerk of Court on June 5, 2008. Three hundred eighty six (386) days (262 plus 124) elapsed after his conviction became final. Therefore, his petition is untimely under the AEDPA. 28 U.S.C. § 2244(d)(1).

## CONCLUSION

Accordingly, for the aforementioned reason it is recommended that the respondents' motion for summary judgment on timeliness grounds be granted and this matter ended.

Respectfully Submitted,

/s/ Robert S. Carr

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
March 4, 2009

---

[1] In Gary v. State, 347 S.C. 627, 557 S.E.2d 662 (2001) the South Carolina Supreme Court held that an inmate's mailing of a PCR application does not constitute "filing", for statute of limitations purposes. Rather, application is filed when received by the Clerk of Court. See, also, Fox v. Union-Buffalo Mills, 226 S.C. 561, 86 S.E.2d 253 (1955)); Sternberger v. McSween, 14 S.C. 35 (1880).

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).