**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Willie Lee Tucker, #162436,      ) | C.A. No. 2:08-3478-PMD-RSC |
| )  | |
| Petitioner,        ) | |
| v.                                                    ) | **ORDER** |
| ) | |
| Colie L. Rushton,                            ) | |
| Respondent.    ) | |
| ) | |
| _____) | |

This matter is before this Court on Respondent Colie L. Rushton's ("Respondent") Motion for Summary Judgment on Petitioner Willie Lee Tucker's ("Petitioner") petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Petitioner is proceeding *pro se* and *in forma pauperis*. This matter was referred to United States Magistrate Judge Robert S. Carr, who has written a Report and Recommendation ("R&R") recommending that Respondent's Motion be granted. This Court has reviewed the entire record, including the R&R and the Petitioner's Objections to the R&R, and finds that the Magistrate Judge fairly and accurately assessed the situation. Fore the reasons set forth herein, this Court adopts the Magistrate Judge's R&R and grants Respondent's Motion for Summary Judgment.

**PROCEDURAL HISTORY**

Petitioner is an inmate at McCormick Correctional Institute ("MCI"), as a result of his conviction and sentence in Richland County for possession with the intent to distribute crack cocaine. This was Petitioner's third offense. He was represented on this charge by Ms. Amye Leigh Rushing, Esq.

Petitioner pled guilty to possession with intent to distribute crack cocaine. In exchange for that plea, the State agreed to drop a separate charge for possession of marijuana as well as an old

charge for trafficking crack cocaine in 2002. The State also agreed not to seek a sentence of life without parole. Petitioner was sentenced to 20 years in prison and a $100,000 fine. Petitioner did not appeal his conviction or sentence.

Later, on June 22, 2004, Petitioner filed a Post-Conviction Relief (PCR) Application (04-CP-40-3004). The following grounds were alleged in his Application:

> 1. Ineffective assistance of counsel because counsel failed to provide useful pre-trial preparation and investigation; and counsel did not advise Petitioner of his right to appeal; and
>
> 2. Involuntary guilty plea due to ineffective assistance of counsel.

App. at 27-35. The state filed its Return on March 25, 2005.

An evidentiary hearing was held into the matter on April 5, 2006 in Richland County. Petitioner was represented by Katherine Hudgins, Esq., in this matter. Petitioner testified on his own behalf and he presented the testimony of his plea counsel, Ms. Rushing.

On May 2, 2006 the PCR judge filed an Order of Dismissal with prejudice, denying relief to Petitioner. The court addressed the issues of ineffective counsel, and the guilty plea which Petitioner claims was invalid based on ineffective counsel. The court also found that the State had agreed only to dismiss specific charges, addressing Petitioner's belief that the State had not kept its end of the plea bargain.

Petitioner timely served and filed his notice of appeal. Wanda Carter, Esq. represented him in the collateral appellate proceedings. On February 26, 2007, Petitioner filed his petition for Writ of Certiorari. The only issue presented to the South Carolina Court of Appeals was:

> Trial counsel erred in failing to move for the withdrawal of petitioner's plea or in the alternat[ive] to have the plea vacated because the state did not perform its part of the

2

negotiated plea bargain in the case.

The Court of Appeals denied certiorari May 20, 2008. Petitioner now files his petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. The following allegations are raised in his petition for the Writ:

>**GROUND ONE:** Ineffective assistance of trial counsel.
>**SUPPORTING FACTS**: Trial counsel erred in failing to move for the withdrawal of defendant's plea, or in the alternative to have the plea vacated because the State did not perform its part of the negotiated plea bargain in the case.
>
>**GROUND TWO**: Denial of equal protection.
>**SUPPORTING FACTS**: Petitioner was denied equal protection and due process of law when State government breached the plea agreement and the evidence is supported by the records of the lower court and the State supreme Court.
>
>**GROUND THREE:** Denial of fundamental fairness and due process of law.
>**SUPPORTING FACTS**: Petitioner was denied fundamental fairness and due process of law where Petitioner was denied effective assistance of trial, appellate and post-conviction counsel.

Respondent filed a Motion for Summary Judgment. Petitioner filed a Response in Opposition to Respondent's Motion. The Magistrate Judge submitted his R&R to this Court and has recommended that Respondent's Motion for Summary Judgment on the issue of timeliness be granted. Petitioner has made three specific objections to the R&R, which this Court will address individually.

## **STANDARD OF REVIEW**

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the

court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id. Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

### I. DOES THE ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996 ("AEDPA") VIOLATE THE DUE PROCESS CLAUSE?

The Magistrate Judge recommended that Respondent's Motion be granted because Petitioner's motion was filed after the applicable statute of limitations expired. Petitioner claims that the AEDPA time limitation provision is unconstitutional because it "serves as a bar to deny access to the federal courts." (Obj. at 1.) Petitioner is, in essence, claiming a violation of the Suspension Clause of the Constitution, which states that Congress may pass no law suspending the writ of habeas corpus. Under Petitioner's theory, AEDPA strips the federal courts of some component of the judicial power vested in them by Article III. AEDPA, however, serves no such

purpose. The court in *Mueller v. Angelone*, 181 F.3d 557 (4th Cir. 1999), held that AEDPA's provisions do not violate the Suspension Clause. "The amendment did not work an unconstitutional limitation upon the jurisdiction of federal habeas courts, but rather represented a modest congressional alteration of the standards pursuant to which the writ issues." *Id.* The court in *Green v. French*, 143 F.3d 874 (4th Cir. 1998), agreed that § 2254 (d) did not unconstitutionally restrict the scope of federal habeas review, but rather "only place[d] an additional restriction upon the scope of the federal habeas review in certain circumstances."

Petitioner's claim that the AEDPA is unconstitutional because it deprives habeas petitioners of due process is incorrect. Petitioner still has had every right to bring a claim for habeas relief in this Court under § 2254, AEDPA simply requires Petitioner to first exhaust his state court direct appeal and PCR remedies before bringing the claim, and requires any claim to be brought with the prescribed time period. Petitioner has had his fair share of due process, but has simply failed to file his petition for habeas relief in a timely fashion.

## II.     IS AEDPA "VOID FOR VAGUENESS"?

Petitioner next claims that applying AEDPA in this case would be unconstitutional because the statute is "void for vagueness." The Supreme Court of the United States and the United States Court of Appeals for the Fourth Circuit have addressed vagueness as a rationale for invalidating penal statutes, but neither have addressed it with respect to the writ of habeas corpus. This is because habeas corpus is a procedural mechanism which litigants use at their discretion, as opposed to a penal statute which enforces conduct.

Furthermore, Petitioner even acknowledges that the relevant part of federal habeas statutes "covers over 1400 pages of highly termical [sic] and often confusing legal precepts." (Obj. to R&R

5

2.) Petitioner cites several legal terms or phrases which he claims are "almost indecipherable and serve to confuse those untrained in this highly specific areas of law." *Id.* It seems that, if anything, Petitioner's complaint is that federal habeas law is too specific and voluminous. However, this provides no grounds for striking down such laws as unconstitutional, and federal statutes have never been required to be written in such a way so as to be easily understandable to the layperson. Petitioner's argument that the writ is void for vagueness is therefore based upon a misunderstanding of the "void for vagueness" standard. Accordingly, AEDPA is not "void for vagueness," and this Court will not find that Petitioner's claim for relief was timely based upon this reasoning.

## III.  DID THE MAGISTRATE JUDGE BASE HIS R&R ON THE WRONG SUBSECTION OF § 2244?

The Court finally addresses Petitioner's contention that the Magistrate Judge misapplied the pertinent sections of the law and improperly calculated the statute of limitations. Petitioner claims that the Magistrate Judge should have used § 2244 (d) in determining whether or not Petitioner's claim for habeas relief was filed after the applicable statute of limitations had expired. However, the Magistrate Judge did in fact use the section which Petitioner claims he should have used. 28 U.S.C. § 2244 (d)(1)(A) tells us that AEDPA provides a 1-year period of limitation which shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. This limitations period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244 (d)(1)(A). The limitations period is tolled during the pendency of a properly filed collateral attack on the subject conviction. 28 U.S.C. § 2254 (d)(2).

Petitioner's conviction became final on October 2, 2003, at which point he had one year to

file his habeas petition in this court. Petitioner filed a PCR application 262 days after his conviction was finalized. 04-CP-40-3004. This tolled the statute of limitations, leaving the Petitioner 103 days to file his petition. However, once the PCR proceedings were concluded, the statute of limitations began to run again. Petitioner filed his claim for relief in this Court 124 days after the conclusion of his PCR proceedings, or 21 days late. Under AEDPA, the petition is therefore untimely and must be dismissed.

## CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that Respondent's Motion for Summary Judgment is **GRANTED**, and Petitioner Tucker's Petition for relief under 28 U.S.C. § 2254 is **DISMISSED**.

**AND IT IS SO ORDERED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**July 10, 2009**